IN THE SUPREME COURT OF THE STATE OF DELAWARE

GEICO GENERAL INSURANCE
COMPANY,

    Defendant Below-
    Appellant,

v.

YVONNE GREEN, WILMINGTON
PAIN & REHABILITATION CENTER,
and REHABILITATION ASSOCIATES,
P.A., on behalf of herself and all others
similarly situated,

    Plaintiffs Below-
    Appellees.

§
§
§ No. 273, 2018
§
§
§
§ Court Below: Superior Court
§ of the State of Delaware
§
§ C.A. No. N17C-03-242
§
§
§
§
§
§

Submitted: May 24, 2018
Decided: June 5, 2018

Before **VAUGHN, SEITZ**, and **TRAYNOR**, Justices.

# O R D E R

Upon consideration of the notice of interlocutory appeal, it appears that:

(1) The defendant below, GEICO General Insurance Company ("GEICO"), has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a memorandum opinion of the Superior Court dated April 24, 2018 ("the Memorandum Opinion"). The Memorandum Opinion granted in part and denied in part GEICO's motion to dismiss the plaintiffs' complaint. Among other things, the Memorandum Opinion dismissed the plaintiffs' claim that GEICO

had violated the Deceptive Trade Practices Act but allowed the plaintiffs' claims for breach of contract, bad faith breach of contract, and declaratory judgment to proceed.

(2)     On May 4, 2018, GEICO filed an application for certification in the Superior Court to take an interlocutory appeal of one aspect of the Memorandum Opinion, namely the Superior Court's denial of GEICO's motion to dismiss the plaintiffs' claim for declaratory judgment.  GEICO argued in its application that, under this Court's decision in *Clark v. State Farm Mut. Auto. Ins. Co.*,[1] any review of the rules that GEICO uses in adjusting insurance claims must be decided by the Delaware Insurance Commissioner rather than by a court.

(3)     GEICO argued to the Superior Court that its application for certification of an interlocutory appeal met the criteria of Rule 42 because the Memorandum Opinion decided a substantial issue of material importance, resolved a question of first impression, conflicted with Delaware Supreme Court precedent, and addressed the proper application of a Delaware statute.  GEICO also argued that interlocutory review may terminate "part" of the litigation and otherwise serve considerations of justice.  The plaintiffs filed a response in opposition on May 14, 2018.

(4)     The Superior Court denied the certification application on May 24, 2018.  In denying certification, the Superior Court concluded that the Memorandum Opinion did not resolve a question of first impression, did not conflict with any trial

---

[1] 131 A.3d 806 (Del. 2016).

court decision or controlling precedent, and did not relate to the proper application of a Delaware statute that has not been, but should be, settled by the Delaware Supreme Court in advance of a final order. Moreover, the Superior Court concluded that certification was not warranted because an interlocutory appeal would not terminate the litigation or otherwise serve considerations of justice.

(5) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). The case is not exceptional,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[2] Del. Supr. Ct. R. 42(b)(ii)
[3] *Id*. 42(b)(iii).